

# In the Court of Criminal Appeals of Texas

No. WR-95,475-01

EX PARTE TONY EMIL LOVE, JR.,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 1408920-A
In the 232nd District Court
Harris County

YEARY, J., filed a dissenting opinion, in which KELLER, P.J., joined.

In November of 2013, Applicant pled guilty to possession of between four ounces and five pounds of marihuana, a state-jail-felony offense. TEX. HEALTH & SAFETY CODE § 481.121(b)(3). The trial court deferred adjudication of Applicant's guilt and placed him on community

supervision for three years. In May of 2015, Applicant pled true to violating the terms of his community supervision. The trial court found him guilty. Applicant was then sentenced to confinement for thirteen months in state jail.

More than six years later, in August of 2021, the Harris County District Attorney sent a letter to Applicant which included the crime laboratory's January 2020 analysis of the substance that was found in Applicant's possession. That lab test identified the presence of Cannabis sativa L., but in an amount less than four ounces—specifically, 3.25 ounces. *See id.* § 481.002(26) ("'Marihuana' means the plant Cannabis Sativa L.").

In January of 2023, Applicant, with the assistance of counsel, filed an application for a writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his pleading, Applicant asserts that, "[i]n light of the laboratory report showing that the evidence contained a lesser amount of marijuana than Applicant was charged with possessing," (1) his due process rights were violated, and (2) his plea was involuntary.

Today, the Court grants Applicant relief on the basis that his plea was involuntary. I do not foreclose the possibility that Applicant may ultimately be entitled to relief. But I believe granting relief on the current record is premature.

The January 2020 lab report indicates that the evidence in this case had previously been tested on December 17, 2013, and the current report was a "confirmation analysis" performed at the request of the Harris County District Attorney's Office. The 2013 report is not included

in the record. Consequently, at this stage, we do not know what amount of marihuana the first lab report may have identified.

If the 2013 report also indicated that Applicant possessed less than four ounces of marihuana, then I would agree that Applicant may be entitled to relief. But if the first analysis indicated the presence of four or more ounces of marihuana before testing, I would be more skeptical of Applicant's claim. So far as I can tell at this point, there still exists a possibility that there may be a variance between the amount of the substance found in the 2013 report and the amount found in the 2020 report. I could even speculate that, if there was a variance in weight, it might be due to some amount of the substance potentially being destroyed in the process of testing it, or that, in the period of time between 2013 and 2020, the substance may have dried out some, causing it to lose weight. But for now, it is far from clear that Applicant is actually entitled to the relief the Court affords him.

I would remand this case with instructions to the convicting court to try to obtain for the record a copy of the initial, December 17, 2013, laboratory report and to make any appropriate supplemental findings of fact and conclusions of law. In particular, I would instruct the trial court to determine, if possible, whether the initial laboratory report also indicated that the evidence contained less than four ounces of marihuana. Because the Court does otherwise, I respectfully dissent.

**FILED:**                              April 3, 2024
**DO NOT PUBLISH**